# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ROBIN J. CRAYCROFT, <br>     Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> *Serve:* <br> U.S. Attorney Teresa A. Moore <br> U.S. Attorney's Office <br> Room 5510 <br> 400 East 9th Street <br> Kansas City, MO 64106 <br><br> *Via Certified Mail:* <br> U.S. Attorney General Merrick Garland <br> U.S. Department of Justice <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530-0001 <br><br> *Via Certified Mail:* <br> Chief Counsel, Torts <br> General Law Service Center <br> USPS National Tort Center <br> 1720 Market Street, Room 2400 <br> St. Louis, MO 63155-9948 <br><br>     Defendant. | Case No. <br><br> **JURY DEMAND REQUESTED** |

## COMPLAINT

**COMES NOW** Plaintiff Robin J. Craycroft, by and through her undersigned counsel, and for her cause of action against Defendant United States of America, states and avers to the Court as follows:

1. Plaintiff Robin J. Craycroft (hereinafter "Plaintiff") is an individual citizen of the United States of America and a resident of Springfield, Greene County, Missouri.

1

2. This claim arises out of the personal injury suffered by Plaintiff at the United States Postal Service Office in Springfield, Missouri located at 1442 S Glenstone Ave, Springfield, MO 65804 (hereinafter "US Post Office").

3. The US Post Office is a postal office owned and operated by the United States Postal Service.

4. The United States Postal Service is an agency of Defendant United States of America.

5. This cause of action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 28 U.S.C. § 1402, and 28 U.S.C. § 2671 et seq.

6. At all times material to this Complaint, Plaintiff was a patron of the United States Postal Service.

7. On or about August 20, 2020, a Federal Tort Claim was timely filed based upon the below mentioned negligence, acts and omissions. A copy of Plaintiff's Filed Packed of Documents including Form 95 is attached hereto as **Exhibit A** and incorporated herein by reference.

8. Defendant failed to make final disposition of the claim within six months after it was filed, and thus pursuant to 28 U.S.C. § 2675 it is deemed a final denial.

9. Jurisdiction of this Court is founded upon 28 U.S.C. § 2671 et. seq., 28 U.S.C. § 1402, 28 U.S.C. § 1331, and 28 U.S.C. § 1346(b).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(b) because the cause of action accrued in Springfield, Missouri, within the Judicial District of the Western District of Missouri, Southern Division.

## GENERAL ALLEGATIONS

11. Plaintiff incorporates by reference each and every preceding paragraph of her Complaint as if set forth more fully herein.

12. On or about November 19, 2019, Defendant was obligated and had a duty to exercise the highest degree of care to maintain the US Post Office, in a reasonably safe condition for patrons of Defendant.

13. On or about November 19, 2019, Plaintiff was a patron of Defendant at the US Post Office.

14. On or about November 19, 2019, Plaintiff entered onto Defendant's premises as a patron of Defendant and was caused to fall as a result of an unreasonably unsafe condition in the form of a cracked and uneven sidewalk located on Defendant's premises.

15. Defendant knew, or, in the exercise of reasonable care should have known, of the dangerous and defective condition of the sidewalk located on its premises, or Defendant created and/or allowed the dangerous condition of its sidewalk to exist through negligent acts or negligent omissions of its agents or employees, in its negligent maintenance or operation of its premises, and Defendant should have corrected the dangerous and defective condition of its sidewalk and/or warned Plaintiff of the unreasonably unsafe condition of its premises.

16. On or about November 19, 2019, Plaintiff was unaware of the dangerous and defective condition on the sidewalk area on Defendant's business premises.

17. At all relevant times herein, Defendant was negligent and breached the aforementioned duty in the following respects:

a. Defendant failed to provide proper safeguards, or warnings, to the Plaintiff warning of the dangerous condition of the premises, failed to barricade or fence the drop off and/or cracked and uneven sidewalk in a timely manner;

   b. Defendant failed to repair the cracked and uneven sidewalk in a timely manner in an area Defendant knew or should have known patrons regularly walk;

   c. Defendant failed to maintain the above-mentioned sidewalk in a safe condition to ensure that Plaintiff would not be caused to trip, slip and/or fall as a result of the cracked and uneven sidewalk which existed, and which was known or should have been known to Defendant; and

   d. Defendant failed to properly inspect the sidewalk to ensure the sidewalk was free of defects, including cracks and uneven surfaces.

18. As a direct and proximate result of Defendant's negligence and dangerous condition of the US Post Office, Plaintiff suffered the following injuries:

   a. Plaintiff suffered from a left proximal humerus fracture;

   b. Plaintiff suffered from a toe fracture;

   c. Plaintiff suffered from severe pain in her knee;

   d. Plaintiff suffered from severe pain in her hip;

   e. Plaintiff suffered from severe pain in her shoulder;

   f. Plaintiff suffered from severe pain in her left arm; and

   g. Plaintiff suffered from severe pain in her left foot.

19. As a direct and proximate result of Defendant's negligence and dangerous condition of the US Post Office, Plaintiff was forced to and did receive services of various doctors and service providers, including, but not limited to Cox Hospitals and other medical

4

Case 6:21-cv-03078-MDH   Document 1   Filed 03/26/21   Page 4 of 6

providers, including treatment from several physicians, providers of x-ray services, physical therapists, and radiologists.

20. As a direct and proximate result of Defendant's negligence and dangerous condition of the US Post Office, Plaintiff may be forced to receive services of various doctors and service providers in the future.

21. As a direct and proximate result Defendant's negligence and dangerous condition of the US Post Office, Plaintiff's general health, strength, and vitality have been impaired, as directly related to those injuries specified in paragraph 18(a)-(g).

22. As a direct and proximate result of Defendant's negligence and dangerous condition of the US Post Office, Plaintiff did suffer and continues to suffer severe pain, suffering, and discomfort, as directly related to those injuries specified in paragraph 18(a)-(g) that prevents her from performing normal and customary activities as were possible before the occurrence stated herein.

23. Plaintiff as part of her Complaint believes that she is entitled to and seeks a judgment for monetary damages. Plaintiff believes she is entitled to Noneconomic Damages (General Damages), Economic Damages (Special Damages), and Future Damages.

**WHEREFORE**, Plaintiff prays this Court enter judgment in her favor and against Defendant for a fair and reasonable amount, for costs and attorney's fees, interest as allowed by law, and for any other and further relief as the Court deems just and proper in the premises.

LOWTHER JOHNSON
Attorneys at Law, LLC

By: /s/ N. Austin Fax
N. Austin Fax
Missouri Bar Number 68060
B. Jacob Haskins
Missouri Bar Number 71920
901 St. Louis Street, 20th Floor
Springfield, MO 65806
Telephone:    417-866-7777
Fax:          417-866-1752
mplaczek@lowtherjohnson.com
afax@lowtherjohnson.com
Attorneys for Plaintiff